**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BIRJETTE WHICKER, ROMONDO JESSUP, RICHARD HILBURN, KEELY BOONE, and KELLY DEAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Case No. 2:25-cv-15253<br><br>**SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

This class action complaint is brought by Plaintiffs Birjette Whicker, Romondo Jessup, Richard Hilburn, Keely Boone, and Kelly Dean ("Plaintiffs"), individually and on behalf of all others similarly situated ("Class"), against Defendant Samsung Electronics America, Inc. ("Defendant"). The allegations set forth below are based on personal knowledge as to Plaintiffs' own acts and on investigation conducted by counsel as to all other allegations.

## PARTIES

1. Plaintiff Birjette Whicker is a citizen and resident of Arizona. Plaintiff purchased a Samsung French Door Refrigerator, model number RF32CG5400SR, from Best Buy on or around October 3, 2023.

2. Plaintiff Romondo Jessup is a citizen and resident of North Carolina. Plaintiff purchased a Samsung French Door Refrigerator, model number RS27T5200SR, from Lowe's on or around March 8, 2023.

3. Plaintiff Richard Hilburn is a citizen and resident of California. Plaintiff purchased a Samsung French Door Refrigerator, model number RS27T5200SR, from Best Buy on or around June 10, 2022.

4. Plaintiff Keely Boone is a citizen and resident of Arizona. Plaintiff purchased a Samsung French Door Refrigerator, model number RS27T5200, from American Freight on or around December 30, 2021.

5. Plaintiff Kelly Dean is a citizen and resident of Oregon. Plaintiff purchased a Samsung French Door Refrigerator, model number RS27T5200SR, from Home Depot on or around November 10, 2022.

6. Defendant Samsung Electronics America, Inc. is a New York corporation with its principal place of business in Ridgefield Park, New Jersey.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) the action is a class action, (3) there are Class members who are diverse from Defendant, and (4) there are more than 100 Class members.

8. This Court has general personal jurisdiction over Defendant because Defendant is a resident of this state.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a resident of this district.

## FACTUAL ALLEGATIONS

### I. The Defect

10. Defendant designs, manufactures, and sells consumer appliances throughout the United States, including certain refrigerators purchased by Plaintiffs and Class members ("Refrigerators").

11. The Refrigerators suffer from a defect whereby the automatic ice maker tray cracks, causing water to drip into the ice bin and freeze, rendering the ice maker and dispenser unusable. Specifically, the ice maker is designed to fill a durable plastic ice cube tray with water, allow the water to freeze into ice, invert the tray, twist and deform the tray to loosen the ice, and allow the ice to fall into a container from which it can be dispensed. However, the tray is manufactured contrary to its intended design with a brittle plastic that cracks when it is twisted and deformed, which allows water to drip through the tray and into the container ("Defect").

12. The Defect is in the materials and workmanship of the Refrigerators because the defective ice trays are manufactured with a brittle plastic that is not compliant with the design specifications of the ice trays which call for the use of a durable plastic that can resist breaking when being deformed.

13. Defendant does not offer individual ice trays to replace broken ice trays. Rather, if an ice tray cracks, the entire ice maker assembly must be replaced, which costs hundreds of dollars.

14. The Refrigerators include, but are not limited to, model numbers RF32CG5400SR and RS27T5200SR, and the ranges of model numbers RF32CG******, RF27CG******,[1] and RS27T5200*,[2] as well as all other Refrigerators manufactured and sold by Defendant with the same or similar Defect.

---

[1] https://downloadcenter.samsung.com/content/UM/202405/20240531053524129/FDR_RF6500C_3Door_MANUAL_WEB_DA68-04752Q-00_EN-MES-CFR_240529.pdf

[2] https://downloadcenter.samsung.com/content/UM/202002/20200201091442956/SBS_RS5300T_DA68-03958J-01_EN-MES-CFR.pdf

15. The Defect is in the defective materials used to manufacture the Refrigerators and is therefore inherent in the Refrigerators and was present at the time of sale.

16. The Defect is material because it was not disclosed to purchasers and it substantially diminishes the value of the Refrigerators which was represented by Defendant.

17. Had Plaintiffs or Class members known about the Defect, they would have not purchased the Refrigerators or would have paid substantially less.

**II. Defendant's Warranty and Representations**

18. Defendant represents that the Refrigerators are reliable, including that the ice maker and dispenser work as intended.

19. The ice maker is a material and integral part of the Refrigerators, and its presence and functionality formed part of the basis of the bargain when purchased by Plaintiffs and Class members.

20. Defendant's marketing emphasizes the ice maker in the Refrigerators and intends that consumers rely on its representations regarding the ice maker when making their purchases.

21. For example, Plaintiffs' Refrigerator is marketed with the following language[3]:

a. "31 cu. ft. Mega Capacity 3-Door French Door Refrigerator with Four Types of Ice in Stainless Steel."

b. "Get four types of ice: cubed, Ice Bites™, curved, or crushed."

c. "The external ice dispenser offers two additional ice options, curved and crushed."

d. "More ice choices[:] Enjoy your favorite beverage with up to Four Types of Ice. Choose from cubed ice or Ice Bites™ from the Dual Auto Ice Maker in the freezer drawer or curved or crushed ice from the external dispenser."

---

[3] https://www.samsung.com/us/home-appliances/refrigerators/3-door-french-door/31-cu-ft-mega-capacity-3-door-french-door-refrigerator-with-four-types-of-ice-in-stainless-steel-rf32cg5400sraa/

22. Defendant expressly warrants to end purchasers the Refrigerators for 1 year for defects in materials or workmanship under normal home use.[4]

23. Defendant impliedly warrants the merchantability of the Refrigerators.

24. Defendant concealed and omitted material information regarding the presence of defects which could foreseeably trigger warranty coverage.

25. Plaintiffs and Class members reasonably understood the express and implied warranties to warrant against the Defect.

26. Defendant has not offered or provided an effective and lasting remedy for the Defect pursuant to the express or implied warranties.

27. Defendant has breached the express and implied warranties by refusing to remedy the Defect or compensate Plaintiffs or Class members pursuant to the warranties.

28. The attempted remedies offered or provided by Defendant pursuant to the express and implied warranties have failed of their essential purposes because they are not effective and lasting remedies.

29. Plaintiffs and Class members are entitled to a remedy that is not restricted by the terms of the express and implied warranties.

30. Any limitation or exclusion of damages under the express and implied warranties is unconscionable and unenforceable because operation of the limitation or exclusion would deny Plaintiffs and Class members an effective remedy and would be grossly unfair and unforeseeable.

## III. Defendant's Knowledge, Concealment, and Omissions About the Defect

[4] https://downloadcenter.samsung.com/content/UM/202405/20240531053524129/FDR_RF6500C_3Door_MANUAL_WEB_DA68-04752Q-00_EN-MES-CFR_240529.pdf

31. Defendant performed extensive pre-sale testing of the Refrigerators, including performance, durability, stress, and endurance testing, during which they discovered or should have discovered the Defect.[5]

32. Defendant has specific tests dedicated to its automatic ice makers which check "ice production capabilities and the quality of ice by varying water pressure, temperature and notch placement."[6]

33. Every part of the Refrigerators is put through rigorous durability tests. For example, "the Door Slam Test simulates the act of opening and closing fridge doors tens of thousands of times depending on the model. During the process, engineers assess the hinges for sagging, listen for unusual noises and examine whether the doors continue to function smoothly under stress."[7]

34. Defendant's presale testing procedures simulate years of regular and strenuous use of the Refrigerators, during which Defendant would have discovered the Defect.

35. Defendant obtained numerous pre-release reviews of the Refrigerators before they entered the market, from which they discovered or should have discovered the Defect.

36. Defendant actively monitors reviews and complaints made by consumers to its own website, from which it discovered or should have discovered the Defect.[8]

37. Defendant also actively monitors reviews and complaints made on websites of Defendant's partnered retailers from which it discovered or should have discovered the Defect.[9]

---

[5] https://news.samsung.com/global/engineered-to-perfection-inside-the-intense-testing-regimen-of-samsung-home-appliances

[6] https://news.samsung.com/global/engineered-to-perfection-inside-the-intense-testing-regimen-of-samsung-home-appliances

[7] https://news.samsung.com/global/engineered-to-perfection-inside-the-intense-testing-regimen-of-samsung-home-appliances

[8] https://www.samsung.com/us/home-appliances/refrigerators/3-door-french-door/31-cu-ft-mega-capacity-3-door-french-door-refrigerator-with-four-types-of-ice-in-stainless-steel-rf32cg5400sraa/

[9] *See, e.g.*, https://www.homedepot.com/p/Samsung-31-cu-ft-Mega-Capacity-3-Door-French-Door-Refrigerator-with-Four-Types-of-Ice-in-Stainless-Steel-RF32CG5400SR/326195150

38. Defendant also actively monitors reviews and complaints made on popular online forums from which it discovered or should have discovered the Defect.

39. For example, a post on Reddit from June 12, 2022, titled "Samsung side-by-side RS27T5200 Cracked Ice Maker Tray" has 60 comments discussing the Defect, failed repairs, and expensive replacement parts.[10]

40. Another post on Reddit from September 16, 2022, titled "Samsung Fridge - Cracked Ice Cube Tray" has 49 comments discussing the Defect, failed repairs, and expensive replacement parts.[11]

41. Moreover, Defendant actively monitors, collects data, and analyzes maintenance and repairs of the Refrigerators by authorized servicers, from which it discovered or should have discovered the Defect.

42. Defendant therefore knows about the Defect and has had ample opportunity to provide a remedy and inform consumers about the Defect.

43. Defendant knew of the Defect shortly after the Refrigerators entered the market due to consumers experiencing the Defect after purchasing the Refrigerators and reporting it to Defendant, authorized servicers, or online forums.

44. Defendant was in a unique position to discover the Defect before the Refrigerators were sold and in fact knew of the Defect before it sold the Refrigerator to Plaintiffs and Class Members.

45. Defendant had exclusive knowledge about the Defect before selling the Refrigerators.

---

[10] https://www.reddit.com/r/appliancerepair/comments/vapqim/samsung_sidebyside_rs27t5200_cracked_ice_maker/
[11] https://www.reddit.com/r/appliancerepair/comments/xg8qwo/samsung_fridge_cracked_ice_cube_tray/

46. Despite Defendant's knowledge of the Defect, Defendant continued its unfair and deceptive trade practices by continuing to offer the Refrigerators for sale without disclosing the Defect.

47. Defendant actively concealed the existence of the Defect after it became known to Defendant.

48. Defendant actively concealed the Defect by continuing to market and sell the Refrigerators in the same manner as before it learned of the Defect.

49. Defendant actively concealed the Defect by misrepresenting to consumers that problems associated with the Defect were actually caused by other issues, such as improper levelling.

50. Defendant had a duty to disclose the existence of the Defect after it became known to Defendant but purposefully omitted its knowledge of the Defect when offering for sale and selling the Refrigerators.

51. Defendant failed to notify purchasers that the Refrigerators were manufactured improperly and performed improperly after the Defect became known to Defendant.

52. Defendant did not warn purchasers about the Defect either before or after purchasing the Refrigerators.

53. Plaintiffs and Class members did not know and could not have discovered through reasonable investigation that the Defect existed or that Defendant's representations about the Refrigerators were false, deceptive, or misleading because Defendant concealed and omitted material information regarding the Defect.

54. Plaintiffs and Class members reasonably relied on Defendant's material omissions when choosing to purchase the Refrigerators because Defendant was in the unique position of

having manufactured the Refrigerators to inform Plaintiffs and Class members about the Refrigerators and whether any defects exist.

55. Plaintiffs and Class members relied on Defendant's omission of material information regarding the Defect, as Defendant's failure to disclose the existence of a material defect implied that Defendant had no knowledge of a defect.

56. But for Defendant's knowing material omissions concerning the Defect, Plaintiffs and Class members would have either paid substantially less for the Refrigerators or would not have bought them at all.

57. Defendant engaged in deceptive and unfair acts and practices by materially omitting the Defect when offering for sale and selling the Refrigerators, and Plaintiffs and Class members were injured as a result.

58. Defendant monitors reviews and complaints made to its own website[12], from which they discovered or should have discovered the Defect. For reference, some reviews beginning as long as four years ago have mentioned the Defect.



Refrigerator is nice, but the ice maker is cheap

Manny

a year ago

The refrigerator was included (new) with the purchase of our house. The refrigerator has worked fine, but we have always had issues with the water dispenser and especially ice maker. The ice maker would always get clogged in the small opening and you would get ice all over the floor when you took out the bucket to unclog it. The opening would also freeze up and now, there is a leak in the ice tray, so the water leaks straight down into the bucket. We now have a block of ice in the bucket and the ice maker is useless. We are buying bags of ice for our needs and the refrigerator is only a little over a year old. I hate to give it such a low rating, but we use the ice maker and water dispenser daily with our family. This refrigerator does not fit a family's needs. If we buy another fridge, it won't be a Samsung.

Worst ice maker on the market

Andy

3 years ago

it noisy and the ice maker dispenses ice that looks like you broke up a chunk of ices with a sledge hammer.

Helpful? (0) (0) Report

Features 1.0

Performance 1.0

Design 1.0

Value 1.0

[12] https://www.samsung.com/us/home-appliances/refrigerators/side-by-side/22-cu-ft-counter-depth-side-by-side-refrigerator-in-stainless-steel-rs22t5201sr-aa/#reviews



★☆☆☆☆
Ice Maker is no good
Iced Out
a year ago
My husband and I purchased all new Samsung appliances when we purchased our home. This was the worst mistake. Shortly after the 30 days we started experiencing issues. The icemaker is the worst. It freezes up and makes a huge mess. When trying to dispense ice it gets clogged and does not come out properly. In fact we purchased a countertop icemaker because we can no longer use the one on the fridge. When trying to get an appointment it is a long process and inconvenience. Needless to say they call and make an appointment for said date, on that date they call and then schedule the appointment. Like why can't I get the actual appointment the first time instead of having to wait another month. I do not recommend this fridge. Also, the whole sales pitch of fingerprints...they are visible and it does show smears.

Features 1.0
Performance 1.0
Design 1.0
Value 1.0

★☆☆☆☆
Worst Choice Award Winner
Buck
INCENTIVIZED REVIEW
4 years ago
Bought new at Best Buy and it is a piece of JUNK. Horrible purchase. The ice maker does make ice... one tray every 6-7 hours! It is ab out 6 weeks old and we are awaiting our 3rd service call. The previous two accomplished nothing; nothing at all. We are so frustrated and angry. It is around 100 degrees everyday in Texas and we are tired of buying ice because our new Samsung refrigerator, which is supposed to make a tray every 45 minutes will only church out 3-4 trays evety 24 hours. I have tried to call Samsung over 20 times - I even sent them a screenshot of all the calls, but I just get people from overseas that get nothing done. We are very satisfied with our big Samsung flat screen TV, but this refrigerator wins the "Worst Choice Award" for refrigerator purchases.

Features 2.0
Performance 1.0
Design 1.0
Value 1.0

★☆☆☆☆
Ice maker has never worked. Product is defective.
luer
3 years ago
ice maker has never worked. it's a defective product.
No, I do not recommend this product.
Helpful? (0) (0) Report

Features 1.0
Performance 1.0
Design 1.0
Value 1.0

★☆☆☆☆
after 14 months ice maker stopped working
BadReview
3 years ago
we have had this fridge for 14 months now and the ice maker has stopped working. did the self test, unplugged it, etc. self test passes, but no water is getting into the ice cube tray. the solenoid valve makes a buzzing instead of clicking sound, so it seems it is already defect. submitted for service, hopefully samsung can fix this under warranty
No, I do not recommend this product.

Features 1.0
Performance 1.0
Design 4.0
Value 3.0

★★☆☆☆
Let down by this model
John
3 years ago
i had a good experience with samsung in the past so took a shot at this one and kind of regret it. - i didn't want a connected fridge but making compromises with other models/brands i chose this one anyway. and, unsurprisingly, there is not way to disable the wifi on the fridge. why? isn't there enough saturation already that now i need my fridge to be another access point broadcasting 24/7? - it is not fingerprint resistant at all. - the ice maker is weird. it works, but unlike my past fridges, it takes several seconds for the cubes to drop and when they do, you don't know if you'll get one, 3 or maybe 5. - the fridge makes a very high pitch sound when it runs. not that loud but quite irritating.
No, I do not recommend this product.

Features 2.0
Performance 4.0
Design 3.0
Value 2.0

## PLAINTIFF ALLEGATIONS

### I. Plaintiff Birjette Whicker

59. Plaintiff Birjette Whicker purchased a Samsung French Door Refrigerator, model number RF32CG5400SR, from Best Buy in Arizona on October 3, 2023.

60. In or around October 2024, Plaintiff noticed that water had been leaking into the ice bin and freezing into a solid mass, rendering the ice maker and dispenser unusable. Plaintiff contacted Samsung to request a repair, but the Samsung technician told Plaintiff that their issue was caused by the Refrigerator not being level. Plaintiff told the technician that the Refrigerator did not experience this issue during the previous year, and the Refrigerator had never been moved, so it could not have been caused by the Refrigerator not being level. Plaintiff then discovered that their issue was caused by the "ice bites" tray which had cracked, and which caused the leaking into the ice bin. Plaintiff contacted Samsung again to explain the issue, but Samsung told Plaintiff that the repair would not be covered by the warranty, and Plaintiff would need to pay out of pocket to repair the ice tray.

61. Plaintiff sent a letter dated May 12, 2025, to Defendant providing notice of the claims alleged herein and demanding a class-wide remedy.

**II. Plaintiff Romondo Jessup**

62. Plaintiff Romondo Jessup purchased a Samsung French Door Refrigerator, model number RS27T5200SR, from Lowe's in North Caroline on or around March 8, 2023.

63. In or after October 2023, Plaintiff noticed that an ice tray was cracked, causing water to leak into the ice bin and freeze into a solid mass, rendering the ice maker and dispenser unusable. Plaintiff considered replacing the ice tray, but Samsung does not offer ice trays as standalone items. Rather, Plaintiff would have needed to replace the entire ice maker assembly with a new one which would have suffered from the same Defect.

64. Plaintiff sent a letter dated May 12, 2025, to Defendant providing notice of the claims alleged herein and demanding a class-wide remedy.

**III. Plaintiff Richard Hilburn**

65. Plaintiff Richard Hilburn purchased a Samsung French Door Refrigerator, model number RS27T5200SR, from Best Buy in California on or around June 10, 2022.

66. In or after June 2023, Plaintiff noticed that an ice tray was cracked, causing water to leak into the ice bin and freeze into a solid mass, rendering the ice maker and dispenser unusable. Plaintiff contacted Samsung to request a repair, but Samsung told Plaintiff that the issue was not covered because it was outside of the 1-year warranty period, and any repair would be at Plaintiff's expense.

67. Plaintiff sent a letter dated May 12, 2025, to Defendant providing notice of the claims alleged herein and demanding a class-wide remedy.

**IV. Plaintiff Keely Boone**

68. Plaintiff Keely Boone purchased a Samsung French Door Refrigerator, model number RS27T5200, from American Freight in Arizona on or around December 30, 2021.

69. In or around July 2023, Plaintiff noticed that an ice tray was cracked, causing water to leak into the ice bin and freeze into a solid mass, rendering the ice maker and dispenser unusable. Plaintiff contacted Samsung to request a repair and received a replacement ice maker assembly under warranty. However, because the Defect is inherent in the Refrigerators, the Defect manifested again. Plaintiff attempted to obtain another repair from Samsung, but Samsung refused and ultimately stopped communicating with Plaintiff.

70. Plaintiff sent a letter dated May 12, 2025, to Defendant providing notice of the claims alleged herein and demanding a class-wide remedy.

**V. Plaintiff Kelly Dean**

71. Plaintiff Kelly Dean purchased a Samsung French Door Refrigerator, model number RS27T5200SR, from Home Depot in Oregon on or around November 10, 2022.

72. In or around October 2023, Plaintiff noticed that an ice tray was cracked, causing water to leak into the ice bin and freeze into a solid mass, rendering the ice maker and dispenser unusable. Plaintiff's Refrigerator was outside of the warranty period and ineligible for free repair, even though the Defect is inherent in the Refrigerators and can manifest after consumers have had the Refrigerator for over a year.

73. Plaintiff sent a letter dated May 12, 2025, to Defendant providing notice of the claims alleged herein and demanding a class-wide remedy.

## CLASS ALLEGATIONS

74. This action is brought as a class action under Fed. R. Civ. P. 23.

75. The Class is defined as follows:

> **Nationwide Class:** All persons in the United States who purchased the Refrigerators.
>
> **Arizona Subclass:** All persons in Arizona who purchased the Refrigerators.
>
> **California Subclass:** All persons in California who purchased the Refrigerators.
>
> **North Carolina Subclass:** All persons in North Carolina who purchased the Refrigerators.
>
> **Oregon Subclass:** All persons in Oregon who purchased the Refrigerators.

76. The Class excludes the following: Defendant, their affiliates, their current and former employees, officers, and directors, and the judge assigned to this case.

77. The Class definition may be modified based upon discovery and further investigation.

78. *Numerosity*: The Class is so numerous that joinder of all members is impracticable. The Class may be ascertained through discovery of records from Defendant and third parties.

79. *Commonality*: There are questions of law or fact common to the Class, including, without limitation, whether Defendant engaged in unlawful conduct that entitles Plaintiffs and Class members to relief.

80. *Typicality*: Plaintiffs' claims are typical of the claims of Class members. Plaintiffs and Class members were injured and suffered damages in substantially the same manner, have the same claims against Defendant relating to the same course of conduct, and are entitled to relief under the same legal theories.

81. *Adequacy*: Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests are aligned with the interests of the Class. Plaintiffs' counsel are experienced in the prosecution of complex class actions, including actions with issues, claims, and defenses similar to the present case.

82. *Predominance and superiority*: Questions of law or fact common to the Class predominate over any questions affecting individual members because all claims arise out of the same unlawful conduct by Defendant and depend on the same determinations of law and fact. A class action is superior to other available methods for the fair and efficient adjudication of this case because individual joinder of all Class members is impracticable and the amount at issue for each Class member would not justify the cost of litigating individual claims. Should individual Class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court. There are no difficulties that are likely to

be encountered in the management of this action that would preclude its maintenance as a class action.

83. Accordingly, this class action may be maintained pursuant to Fed. R. Civ. P. 23(b)(3).

84. Defendant's unlawful conduct applies generally to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

85. Accordingly, this class action may be maintained pursuant to Fed. R. Civ. P. 23(b)(2).

## CAUSES OF ACTION

### COUNT I
### BREACH OF EXPRESS WARRANTY
### (on behalf of Plaintiffs and the Class)

86. All preceding paragraphs are incorporated by reference as though fully set forth herein.

87. Defendant's representations and written warranty constitute an express warranty pursuant to U.C.C. § 2-313[13] and the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791.2.

[13] All fifty States, the District of Columbia, and Puerto Rico have codified and adopted U.C.C. § 2-313: Ala. Code § 7-2-313; Alaska Stat. § 45.02.313; Ariz. Rev. Stat. Ann. § 47-2313; Ark. Code. Ann. § 4-2-313; Cal. Com. Code § 2313; Colo. Rev. Stat. § 4-2-313; Conn. Gen. Stat. Ann. § 42a-2-313; 6 Del. Code. § 2-313; D.C. Code. § 28:2-313; Fla. Stat. Ann. § 672.313; Ga. Code. Ann. § 11-2-313; Haw. Rev. Stat. § 490:2-313; Idaho Code § 28-2-313; 810 Ill. Comp. Stat. Ann. 5/2-313; Ind. Code Ann. § 26-1-2-313; Kan. Stat. Ann. § 84-2-313; Ky. Rev. Stat. Ann. § 355.2-313; 11 Me. Rev. Stat. Ann. § 2-313; Md. Code. Ann. § 2-313; Mass. Gen. Law Ch. 106 § 2-313; Mich. Comp. Laws Ann. § 440.2313; Minn. Stat. Ann. § 336.2-313; Miss. Code Ann. § 75-2-313; Mo. Rev. Stat. § 400.2-313; Mont. Code Ann. § 30-2-313; Nev. Rev. Stat. U.C.C. § 104.2313; N.H. Rev. Ann. § 382-A:2-313; N.J. Stat. Ann. § 12A:2-313; N.M. Stat. Ann. § 55-2-313; N.Y. U.C.C. Law § 2-313; N.C. Gen. Stat. Ann. § 25-2-313; N.D. Stat. § 41-02-313; Ohio Rev. Code Ann. § 1302.26; Okla. Stat. tit. 12A § 2-313; Or. Rev. Stat. § 72.3130; 13 Pa. C.S. § 2313; P.R. Laws. Ann. Tit. 31, § 3841, et seq.; R.I. Gen. Laws § 6A-2-313; S.C. Code Ann. § 36-2-313; S.D. Stat. § 57A-2-313; Tenn. Code Ann. § 47-2-313; Tex. Bus. & Com. Code Ann. § 2-313; Utah Code Ann. § 70A-2-313; Va. Code § 8.2-313; Vt. Stat. Ann. 9A § 2-313; W. Va. Code § 46-2-313; Wash. Rev. Code § 62A 2-313; Wis. Stat. Ann. § 402.313; and Wyo. Stat. § 34.1-2-313.

88. Defendant intended that the express warranty extend to the ultimate retail purchasers of the Refrigerators.

89. The Defect caused the Refrigerators to fail to conform to Defendant's representations that formed part of the basis of the bargain.

90. The warranty covers the Defect and any damage proximately caused by the Defect.

91. Defendant breached the warranty because they were unwilling or unable to remedy the Defect within a reasonable time, and any attempt to remedy the Defect has been ineffective.

92. Defendant's breach deprived Plaintiffs and Class members of the benefit of the bargain.

93. Defendant's attempt to disclaim or limit the warranty is unconscionable and unenforceable under the circumstances here because:

a. Defendant knowingly sold a defective product without informing consumers about the Defect;

b. The time limits contained in Defendant's warranty period are unconscionable and inadequate to protect Plaintiffs and members of the Class;

c. Plaintiffs and Class Members had no meaningful choice in determining these time limitations, the terms of which unreasonably favor Defendant; and

d. A gross disparity in bargaining power existed between Plaintiffs and Class Members and Defendant.

94. The essential purpose of the warranty failed because Plaintiffs and Class members are unable to reasonably obtain a workable remedy pursuant to the terms of the warranty, so Plaintiffs and Class members are entitled to a remedy that is not limited by the terms of the warranty.

95. Plaintiffs and Class members have complied with all obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

96. As a direct and proximate result of Defendant's conduct, Plaintiffs and Class members have been injured and sustained damages.

**COUNT II**
**BREACH OF IMPLIED WARRANTY**
**(on behalf of Plaintiffs and the Class)**

97. All preceding paragraphs are incorporated by reference as though fully set forth herein.

98. The sale of the Refrigerators created an implied warranty of merchantability pursuant to U.C.C. § 2-314[14] and the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791.1.

99. Defendant intended that the implied warrant extend to the ultimate retail purchasers of the Refrigerators.

100. The Defect caused the Refrigerators to be unmerchantable because the Refrigerators cannot perform their essential functions according to what the average purchaser would reasonably expect.

[14] All fifty States, the District of Columbia, and Puerto Rico have codified and adopted U.C.C. § 2-314: Ala. Code § 7-2-314; Alaska Stat. § 45.02.314; Ariz. Rev. Stat. Ann. § 47-2314; Ark. Code. Ann. § 4-2-314; Cal. Com. Code § 2314; Colo. Rev. Stat. § 4-2-314; Conn. Gen. Stat. Ann. § 42a-2-314; 6 Del. Code. § 2-314; D.C. Code. § 28:2-314; Fla. Stat. Ann. § 672.314; Ga. Code. Ann. § 11-2-314; Haw. Rev. Stat. § 490:2-314; Idaho Code § 28-2-314; 810 Ill. Comp. Stat. Ann. 5/2-314; Kan. Stat. Ann. § 84-2-314; Ky. Rev. Stat. Ann. § 355.2-314; La. Civ. Code Art. 2520; 11 Me. Rev. Stat. Ann. § 2-314; Md. Code. Ann. § 2-314; Mass. Gen. Law Ch. 106 § 2-314; Mich. Comp. Laws Ann. § 440.2314; Minn. Stat. Ann. § 336.2-314; Miss. Code Ann. § 75-2-314; Mo. Rev. Stat. § 400.2-314; Mont. Code Ann. § 30-2-314; Nev. Rev. Stat. U.C.C. § 104.2314; N.H. Rev. Ann. § 382-A:2-314; N.J. Stat. Ann. § 12A:2-314; N.M. Stat. Ann. § 55-2-314; N.Y. U.C.C. Law § 2-314; N.C. Gen. Stat. Ann. § 25-2-314; N.D. Stat. § 41-02-314; Ohio Rev. Code Ann. § 1302.27; Okla. Stat. tit. 12A § 2-314; Or. Rev. Stat. § 72.3140; 13 Pa. C.S. § 2314; P.R. Laws. Ann. Tit. 31, § 3841, et seq.; R.I. Gen. Laws § 6A-2-314; S.C. Code Ann. § 36-2-314; S.D. Stat. § 57A-2-314; Tenn. Code Ann. § 47-2-314; Tex. Bus. & Com. Code Ann. § 2-314; Utah Code Ann. § 70A-2-314; Va. Code § 8.2-314; Vt. Stat. Ann. 9A § 2-314; W. Va. Code § 46-2-314; Wash. Rev. Code § 62A 2-314; Wis. Stat. Ann. § 402.314; and Wyo. Stat. § 34.1-2-314.

101. The warranty covers the Defect and any damage proximately caused by the Defect.

102. Defendant breached the warranty because they were unwilling or unable to remedy the Defect within a reasonable time, and any attempt to remedy the Defect has been ineffective.

103. Defendant's breach deprived Plaintiffs and Class members of the benefit of the bargain.

104. Defendant's attempt to disclaim or limit the warranty is unconscionable and unenforceable under the circumstances here because:

a. Defendant knowingly sold a defective product without informing consumers about the Defect;

b. The time limits contained in Defendant's warranty period are unconscionable and inadequate to protect Plaintiffs and members of the Class;

c. Plaintiffs and Class Members had no meaningful choice in determining these time limitations, the terms of which unreasonably favor Defendant; and

d. A gross disparity in bargaining power existed between Plaintiffs and Class Members and Defendant.

105. The essential purpose of the warranty failed because Plaintiffs and Class members are unable to reasonably obtain a workable remedy pursuant to the terms of the warranty, so Plaintiffs and Class members are entitled to a remedy that is not limited by the terms of the warranty.

106. Plaintiffs and Class members have complied with all obligations under the warranty or otherwise have been excused from performance of said obligations as a result of Defendant's conduct described herein.

107. As a direct and proximate result of Defendant's conduct, Plaintiffs and Class members have been injured and sustained damages.

**COUNT III**
**FRAUD BY OMISSION**
**(on behalf of Plaintiffs and the Class)**

108. All preceding paragraphs are incorporated by reference as though fully set forth herein.

109. Defendant represented to Plaintiffs and Class members that the Refrigerators were reliable, merchantable, and in good repair.

110. Defendant concealed and/or omitted material information concerning the Defect.

111. The Defect caused the Refrigerators to fail to conform to the performance, durability, capability, and reliability that Defendant represented and were therefore of a substantially lesser quality and value than Defendant represented.

112. Defendant knew or should have known that its representations regarding the Refrigerators were deceptive and misleading because they concealed and omitted material information concerning the Defect.

113. The Defect and the facts concealed and/or omitted by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase the Refrigerators or pay a lower price.

114. Defendant knew or should have known that the facts concealed and/or omitted were material to Plaintiffs and Class members.

115. Defendant had a duty to inform Plaintiffs and Class members of the Defect because Defendant had superior knowledge about the existence, nature, cause, and results of the Defect, and Plaintiffs and Class members could not reasonably have been expected to discover the Defect through reasonable diligence before purchasing the Refrigerators.

116. Defendant concealed and/or omitted material information concerning the Defect in order to induce Plaintiffs and Class members to purchase the Refrigerators at a substantially higher price than what they would otherwise have paid.

117. Plaintiffs and Class members reasonably and justifiably relied on Defendant's omission of all information regarding defects when purchasing the Refrigerators.

118. Plaintiffs and Class members would not have purchased the Refrigerators if they knew of the Defect, or they would have only paid substantially less.

119. Defendant acted in bad faith and with intent to defraud because:

a. Defendant sold the Refrigerators to Plaintiffs and Class members with gross disregard for Plaintiffs and Class members' rights and wellbeing;

b. Defendant sold the Refrigerators to Plaintiffs and Class members with intent to not provide a remedy for the Defect; and

c. Defendant sought to unjustly enrich themselves to the detriment of Plaintiffs and Class members.

120. As a direct and proximate result of Defendant's conduct, Plaintiffs and Class members have been injured and sustained damages.

## COUNT IV
## UNJUST ENRICHMENT
## (on behalf of Plaintiffs and the Class)

121. All preceding paragraphs are incorporated by reference as though fully set forth herein.

122. This equitable claim is brought in the alternative to other legal claims asserted herein.

123. Defendant represented to Plaintiffs and Class members that the Refrigerators were reliable, merchantable, and in good repair.

124. Defendant knowingly concealed and/or omitted material information concerning the Defect.

125. The Defect caused the Refrigerators to fail to conform to the performance, durability, capability, and reliability that Defendant represented and were therefore of a substantially lesser quality and value than Defendant represented.

126. Defendant knew or should have known that its representations regarding the Refrigerators were deceptive and misleading because they concealed and omitted material information concerning the Defect.

127. The Defect and the facts concealed and/or omitted by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase the Refrigerators or pay a lower price.

128. Defendant knew or should have known that the facts concealed and/or omitted were material to Plaintiffs and Class members.

129. Defendant concealed and/or omitted material information concerning the Defect in order to induce Plaintiffs and Class members to purchase the Refrigerators at a substantially higher price than what they would otherwise have paid.

130. Plaintiffs and Class members reasonably and justifiably relied on Defendant's omission of all information regarding defects when purchasing the Refrigerators.

131. Plaintiffs and Class members would not have purchased the Refrigerators if they knew of the Defect, or they would have only paid substantially less.

132. Plaintiffs and Class members conferred substantial benefits on Defendant by purchasing defective Refrigerators at a premium without receiving a product that conformed to Defendant's representations and was free from defects that Defendant concealed and omitted.

133. Defendant knowingly and willingly accepted and enjoyed these benefits.

134. Defendant's retention of these benefits would be inequitable because Defendant obtained benefits to the detriment of Plaintiffs and Class members when Plaintiffs and Class members did not obtain their promised benefits.

135. Plaintiffs and Class members lack an adequate remedy at law because no legal cause of action may adequately compensate Plaintiffs and Class members for the unjust sale of the Refrigerators.

136. As a direct and proximate result of Defendant's conduct, Plaintiffs and Class members are entitled to restitution.

**COUNT V**
**VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT**
**Arizona Rev. Stat. § 44-1522, *et seq.***
**(on behalf of Plaintiffs and the Class)**

137. All preceding paragraphs are incorporated by reference as though fully set forth herein.

138. Defendant represented to Plaintiffs and Class members that the Refrigerators were reliable, merchantable, and in good repair.

139. Defendant concealed and/or omitted material information concerning the Defect.

140. The Defect caused the Refrigerators to fail to conform to the performance, durability, capability, and reliability that Defendant represented and were therefore of a substantially lesser quality and value than Defendant represented.

141. Defendant knew or should have known that its representations regarding the Refrigerators were deceptive and misleading because they concealed and omitted material information concerning the Defect.

142. The Defect and the facts concealed and/or omitted by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase the Refrigerators or pay a lower price.

143. Defendant knew or should have known that the facts concealed and/or omitted were material to Plaintiffs and Class members.

144. Defendant had a duty to inform Plaintiffs and Class members of the Defect because Defendant had superior knowledge about the existence, nature, cause, and results of the Defect, and Plaintiffs and Class members could not reasonably have been expected to discover the Defect through reasonable diligence before purchasing the Refrigerators.

145. Defendant concealed and/or omitted material information concerning the Defect in order to induce Plaintiffs and Class members to purchase the Refrigerators at a substantially higher price than what they would otherwise have paid.

146. Plaintiffs and Class members reasonably and justifiably relied on Defendant's omission of all information regarding defects when purchasing the Refrigerators.

147. Plaintiffs and Class members would not have purchased the Refrigerators if they knew of the Defect, or they would have only paid substantially less.

148. Defendant violated the Arizona Consumer Fraud Act because:

a. Defendant sold the Refrigerators to Plaintiffs and Class members with gross disregard for Plaintiffs and Class members' rights and wellbeing;

b. Defendant sold the Refrigerators to Plaintiffs and Class members with intent to not provide a remedy for the Defect; and

c. Defendant sought to unjustly enrich themselves to the detriment of Plaintiffs and Class members.

149. Defendant's conduct constitutes deceptive and unfair trade practices in violation of Arizona Rev. Stat. § 44-1522, *et seq.*

150. As a direct and proximate result of Defendant's conduct, Plaintiffs and Class members have been injured and sustained damages.

**COUNT VI**
**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**Cal. Bus. & Prof. Code Ann. § 17200, *et seq.***
**(on behalf of Plaintiffs and the Class)**

151. All preceding paragraphs are incorporated by reference as though fully set forth herein.

152. Defendant represented to Plaintiffs and Class members that the Refrigerators were reliable, merchantable, and in good repair.

153. Defendant concealed and/or omitted material information concerning the Defect.

154. The Defect caused the Refrigerators to fail to conform to the performance, durability, capability, and reliability that Defendant represented and were therefore of a substantially lesser quality and value than Defendant represented.

155. Defendant knew or should have known that its representations regarding the Refrigerators were deceptive and misleading because they concealed and omitted material information concerning the Defect.

156. The Defect and the facts concealed and/or omitted by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase the Refrigerators or pay a lower price.

157. Defendant knew or should have known that the facts concealed and/or omitted were material to Plaintiffs and Class members.

158. Defendant had a duty to inform Plaintiffs and Class members of the Defect because Defendant had superior knowledge about the existence, nature, cause, and results of the Defect,

and Plaintiffs and Class members could not reasonably have been expected to discover the Defect through reasonable diligence before purchasing the Refrigerators.

159. Defendant concealed and/or omitted material information concerning the Defect in order to induce Plaintiffs and Class members to purchase the Refrigerators at a substantially higher price than what they would otherwise have paid.

160. Plaintiffs and Class members reasonably and justifiably relied on Defendant's omission of all information regarding defects when purchasing the Refrigerators.

161. Plaintiffs and Class members would not have purchased the Refrigerators if they knew of the Defect, or they would have only paid substantially less.

162. Defendant violated the California Unfair Competition Law because:

a. Defendant sold the Refrigerators to Plaintiffs and Class members with gross disregard for Plaintiffs and Class members' rights and wellbeing;

b. Defendant sold the Refrigerators to Plaintiffs and Class members with intent to not provide a remedy for the Defect; and

c. Defendant sought to unjustly enrich themselves to the detriment of Plaintiffs and Class members.

163. Defendant's conduct constitutes deceptive and unfair trade practices in violation of Cal. Bus. & Prof. Code Ann. § 17200, *et seq.*

164. As a direct and proximate result of Defendant's conduct, Plaintiffs and Class members have been injured and sustained damages.

**<u>COUNT VII</u>**
**VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT**
**Cal. Civ. Code Ann. § 1750, *et seq.***
**(on behalf of Plaintiffs and the Class)**

165. All preceding paragraphs are incorporated by reference as though fully set forth herein.

166. Defendant represented to Plaintiffs and Class members that the Refrigerators were reliable, merchantable, and in good repair.

167. Defendant concealed and/or omitted material information concerning the Defect.

168. The Defect caused the Refrigerators to fail to conform to the performance, durability, capability, and reliability that Defendant represented and were therefore of a substantially lesser quality and value than Defendant represented.

169. Defendant knew or should have known that its representations regarding the Refrigerators were deceptive and misleading because they concealed and omitted material information concerning the Defect.

170. The Defect and the facts concealed and/or omitted by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase the Refrigerators or pay a lower price.

171. Defendant knew or should have known that the facts concealed and/or omitted were material to Plaintiffs and Class members.

172. Defendant had a duty to inform Plaintiffs and Class members of the Defect because Defendant had superior knowledge about the existence, nature, cause, and results of the Defect, and Plaintiffs and Class members could not reasonably have been expected to discover the Defect through reasonable diligence before purchasing the Refrigerators.

173. Defendant concealed and/or omitted material information concerning the Defect in order to induce Plaintiffs and Class members to purchase the Refrigerators at a substantially higher price than what they would otherwise have paid.

174. Plaintiffs and Class members reasonably and justifiably relied on Defendant's omission of all information regarding defects when purchasing the Refrigerators.

175. Plaintiffs and Class members would not have purchased the Refrigerators if they knew of the Defect, or they would have only paid substantially less.

176. Defendant violated the California Consumer Legal Remedies Act because:

a. Defendant sold the Refrigerators to Plaintiffs and Class members with gross disregard for Plaintiffs and Class members' rights and wellbeing;

b. Defendant sold the Refrigerators to Plaintiffs and Class members with intent to not provide a remedy for the Defect; and

c. Defendant sought to unjustly enrich themselves to the detriment of Plaintiffs and Class members.

177. Defendant's conduct constitutes deceptive and unfair trade practices in violation of Cal. Civ. Code Ann. § 1750, *et seq.*

178. On or about May 12, 2025, Plaintiff sent a pre-suit letter notifying Defendant of the claim and inviting Defendant to provide the remedy for Plaintiff and the class requested therein. Defendant refused and thirty (30) days have passed since the request was sent and received.

179. As a direct and proximate result of Defendant's conduct, Plaintiffs and Class members have been injured and sustained damages.

**COUNT VIII**
**VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT**
**N.C. Gen. Stat. Ann. § 75-1.1, *et seq.***
**(on behalf of Plaintiffs and the Class)**

180. All preceding paragraphs are incorporated by reference as though fully set forth herein.

181. Defendant represented to Plaintiffs and Class members that the Refrigerators were reliable, merchantable, and in good repair.

182. Defendant concealed and/or omitted material information concerning the Defect.

183. The Defect caused the Refrigerators to fail to conform to the performance, durability, capability, and reliability that Defendant represented and were therefore of a substantially lesser quality and value than Defendant represented.

184. Defendant knew or should have known that its representations regarding the Refrigerators were deceptive and misleading because they concealed and omitted material information concerning the Defect.

185. The Defect and the facts concealed and/or omitted by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase the Refrigerators or pay a lower price.

186. Defendant knew or should have known that the facts concealed and/or omitted were material to Plaintiffs and Class members.

187. Defendant had a duty to inform Plaintiffs and Class members of the Defect because Defendant had superior knowledge about the existence, nature, cause, and results of the Defect, and Plaintiffs and Class members could not reasonably have been expected to discover the Defect through reasonable diligence before purchasing the Refrigerators.

188. Defendant concealed and/or omitted material information concerning the Defect in order to induce Plaintiffs and Class members to purchase the Refrigerators at a substantially higher price than what they would otherwise have paid.

189. Plaintiffs and Class members reasonably and justifiably relied on Defendant's omission of all information regarding defects when purchasing the Refrigerators.

190. Plaintiffs and Class members would not have purchased the Refrigerators if they knew of the Defect, or they would have only paid substantially less.

191. Defendant violated the North Carolina Unfair and Deceptive Trade Practices Act because:

a. Defendant sold the Refrigerators to Plaintiffs and Class members with gross disregard for Plaintiffs and Class members' rights and wellbeing;

b. Defendant sold the Refrigerators to Plaintiffs and Class members with intent to not provide a remedy for the Defect; and

c. Defendant sought to unjustly enrich themselves to the detriment of Plaintiffs and Class members.

192. Defendant's conduct constitutes deceptive and unfair trade practices in violation of N.C. Gen. Stat. Ann. § 75-1.1, *et seq.*

193. As a direct and proximate result of Defendant's conduct, Plaintiffs and Class members have been injured and sustained damages.

**COUNT IX**
**VIOLATION OF THE OREGON UNLAWFUL TRADE PRACTICES ACT**
**Or. Rev. Stat. Ann. § 646.605, *et seq.***
**(on behalf of Plaintiffs and the Class)**

194. All preceding paragraphs are incorporated by reference as though fully set forth herein.

195. Defendant represented to Plaintiffs and Class members that the Refrigerators were reliable, merchantable, and in good repair.

196. Defendant concealed and/or omitted material information concerning the Defect.

197. The Defect caused the Refrigerators to fail to conform to the performance, durability, capability, and reliability that Defendant represented and were therefore of a substantially lesser quality and value than Defendant represented.

198. Defendant knew or should have known that its representations regarding the Refrigerators were deceptive and misleading because they concealed and omitted material information concerning the Defect.

199. The Defect and the facts concealed and/or omitted by Defendant are material because a reasonable consumer would have considered them to be important in deciding whether to purchase the Refrigerators or pay a lower price.

200. Defendant knew or should have known that the facts concealed and/or omitted were material to Plaintiffs and Class members.

201. Defendant had a duty to inform Plaintiffs and Class members of the Defect because Defendant had superior knowledge about the existence, nature, cause, and results of the Defect, and Plaintiffs and Class members could not reasonably have been expected to discover the Defect through reasonable diligence before purchasing the Refrigerators.

202. Defendant concealed and/or omitted material information concerning the Defect in order to induce Plaintiffs and Class members to purchase the Refrigerators at a substantially higher price than what they would otherwise have paid.

203. Plaintiffs and Class members reasonably and justifiably relied on Defendant's omission of all information regarding defects when purchasing the Refrigerators.

204. Plaintiffs and Class members would not have purchased the Refrigerators if they knew of the Defect, or they would have only paid substantially less.

205. Defendant violated the Oregon Unlawful Trade Practices Act because:

a. Defendant sold the Refrigerators to Plaintiffs and Class members with gross disregard for Plaintiffs and Class members' rights and wellbeing;

b. Defendant sold the Refrigerators to Plaintiffs and Class members with intent to not provide a remedy for the Defect; and

c. Defendant sought to unjustly enrich themselves to the detriment of Plaintiffs and Class members.

206. Defendant's conduct constitutes deceptive and unfair trade practices in violation of Or. Rev. Stat. Ann. § 646.605, *et seq.*

207. As a direct and proximate result of Defendant's conduct, Plaintiffs and Class members have been injured and sustained damages.

**PRAYER FOR RELIEF**

WHEREFORE, the following relief is requested:

a. An order certifying this action as a class action.

b. An award of statutory, compensatory, incidental, consequential, and punitive damages and restitution to the extent permitted by law in an amount to be proven at trial.

c. An order enjoining Defendant's unlawful conduct.

d. An award of attorneys' fees, expert witness fees, costs, and Class representative incentive awards as provided by applicable law.

e. An award of interest as provided by law, including pre-judgment and post-judgment interest.

f. Such other and further relief as this Court may deem just, equitable, or proper.

**JURY DEMAND**

Trial by jury is demanded.

Dated: October 8, 2026

Respectfully submitted,

**KANTROWITZ, GOLDHAMER, GRAIFMAN, PERLMUTTER & CARBALLO, P.C.**

By: ______________________
Gary S. Graifman

135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
T: 201-391-7000 x 134
F: 201-307-1086
ggraifman@kgglaw.com

Daniel C. Levin *
Nicholas J. Elia *
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (215) 592-1500
dlevin@lfsblaw.com
nelia@lfsblaw.com

D. Aaron Rihn *
Sara Watkins *
**ROBERT PEIRCE & ASSOCIATES**
707 Grant Street, Suite 125
Pittsburgh, PA 15219
Tel: (844) 383-0565
arihn@peircelaw.com
swatkins@peircelaw.com

Nicholas A. Migliaccio *
Bruno Ortega-Toledo *
**MIGLIACCIO & RATHOD LLP**
412 H Street N.E., Suite 302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
bortega@classlawdc.com

*Attorneys for Plaintiff and the Class*

* *Pro hac vice forthcoming*